IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-00292-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SCOTT A. GORMAN | ) | |

This matter is before the court on defendant's petition for "public law placement" in a residential reentry center ("RRC"). (DE # 31.)

According to defendant, he is scheduled to be released from prison to an RRC on 10 June 2020, the day after he graduates from the Residential Drug Abuse Program ("RDAP"). (Id. at 1.) About two months later, he will then be released from the RRC to begin his term of supervised release. (See id. at 1-2.) Defendant expressed concern to Bureau of Prisons ("BOP") officials about two months at an RRC being an insufficient amount of time to prepare him to reenter society, and the officials responded he could withdraw from the RDAP to enable him to go to an RRC earlier. (See id. at 2-3.) Defendant declined this option, explaining he needs the RDAP more than he needs early release to an RRC. (Id.) Thus, he has elected to remain in the RDAP. Defendant requests that the court extend his time at the RRC by ordering it as a condition of his supervised release, (see id. at 3), a method often referred to as "public law placement," see Memorandum from Blake R. Davis, Assistant Dir., Corr. Programs Div., Fed. Bureau of Prisons, U.S. Dep't of Justice, Guidance for Home Confinement & Residential Reentry Center Placements 4 (May 24, 2013), https://www.bop.gov/foia/rrc_hc_guidance_memo.pdf (describing "public law placement" as when "the judge places the individual in an RRC after their release from [BOP] custody as a condition of supervised release").

At the outset, the court commends defendant on his participation in the RDAP and his

recognition that it is more important for him to graduate from that program than it is for him to be released earlier to an RRC. Upon his release from prison and soon after his arrival at the RRC, defendant will meet with a probation officer. At that time, it would be appropriate for defendant to discuss with the probation officer the viability of extending his RRC placement and other housing options. Should the probation officer deem extension of defendant's RRC placement appropriate, the probation officer will file a petition to modify defendant's conditions of supervised release, and the court will consider it. Accordingly, defendant's petition is DENIED WITHOUT PREJUDICE.

This 3 March 2020.

_____
W. Earl Britt
Senior U.S. District Judge